Filed 6/28/23  P. v. Johnson CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NATHANIEL JOHNSON, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B325082<br>(Super. Ct. No. F439849)<br>(San Luis Obispo County) |

Nathaniel Johnson, Jr., appeals from the trial court's order denying his petition and motion to recall his sentence and resentence him pursuant to newly enacted legislation.  We appointed counsel to represent him on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed a supplemental brief, in propria persona.  We will dismiss the appeal for lack of jurisdiction.

*Procedural Background*[1]

In 2010, appellant was convicted by jury of three counts of robbery (Pen. Code, § 211)[2], and one count of first degree residential burglary (§§ 459, 460, subd. (a)).  On two of the robbery counts, the jury found true an allegation that appellant had personally used a deadly weapon (a knife).  (§ 12022, subd. (b)(1).)  The trial court found true allegations of one prior serious felony conviction (§ 667, subd. (a)(1)), one prior prison term (§ 667.5, subd. (b)), and one prior serious or violent felony conviction within the meaning of California's "Three Strikes" law.  (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i).)  Appellant was sentenced to state prison for 24 years, 8 months.

We affirmed the conviction but modified appellant's sentence.  (*People v. Johnson*, *supra*, B223724.)

In June 2022, appellant filed a petition, in propria persona, to recall his sentence pursuant to Senate Bill No. 81 (2021-2022 Reg. Sess.), which modified various sentencing provisions.  The trial court appointed defense counsel who filed a motion to dismiss the enhancements imposed by the sentencing court.  The People filed an opposition to defense counsel's motion and argued that the trial court had no jurisdiction to recall appellant's sentence because his case was final prior to the enactment of the new legislation and none of the requirements allowing jurisdiction for resentencing had been met.

---

[1] The following procedural background is drawn from this court's decision in appellant's direct appeal from his conviction. (*People v. Johnson* (May 16, 2011, B223724) [nonpub. opn.].)

[2] All further statutory references are to the Penal Code.

The trial court agreed with the People and denied both the petition and motion because appellant was not eligible for the requested relief as a matter of law.

That should have ended this litigation. (See *People v. Hodges* (June 2, 2023, B323199) ___Cal.App.5th ___, [2023 Cal.App.LEXIS 433, *2, *5] (*Hodges*).) As we shall explain, we have no jurisdiction to entertain appellant's appeal from the denial of his postjudgment, nonstatutory request for relief.

*Discussion*

Because the instant appeal is from an order denying postconviction relief rather than a first appeal as of right from a criminal conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) However, he is entitled to our consideration of any contentions raised in his supplemental brief. (See *Delgadillo*, at p. 232; *Serrano*, at p. 503.)

In his supplemental brief, appellant contends the trial court's order amending the abstract of judgment "stayed" the one-year prior prison term enhancement rather than "striking" it, as ordered in our opinion on appeal. According to appellant, the "stayed" sentence could be "resurrected by the operation of law," which would be contrary to legislative intent. Consequently, he contends we must remand the matter for resentencing whereupon he will be entitled to the ameliorative benefits of the changes in the law. Appellant is mistaken.

3

First, we have no jurisdiction to entertain an appeal from the summary denial of appellant's postjudgment, nonstatutory petition and motion.  The right to appeal is statutory and a judgment or order is not appealable unless expressly authorized by statute.  (*Hodges*, *supra*, ___Cal.App.5th ___, [2023 Cal.App.LEXIS 433, *5].)  An order made after judgment affecting a defendant's substantial rights is appealable.  (§ 1237, subd. (b).)

Here, however, the trial court had no jurisdiction to entertain appellant's requests for sentencing relief approximately 12 years after entry of judgment.  "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.'"  (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*), quoting *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)  Because the trial court did not have jurisdiction to grant appellant's request, its order could not, and does not, affect his substantial rights.  Accordingly, the trial court's order is not appealable pursuant to section 1237, subdivision (b).  (*Hodges*, *supra*, ___Cal.App.5th ___, [2023 Cal.App.LEXIS 433, *5]; *King*, at p. 634.)

Second, we recognize that the abstract of judgment does not correctly reflect the modified judgment on appeal, wherein we ordered the one-year prior prison term enhancement imposed pursuant to section 667.5, subdivision (b) to be stricken.  (*People v. Johnson, supra*, B223724.)  Because we lack jurisdiction to correct the clerical error on this direct appeal, this issue is best raised in the trial court through a petition for writ of habeas corpus.  "If a modification does not make a substantive change to a sentence but simply corrects a clerical error, the trial court has

4

the inherent power to correct its own records at any time. (*King, supra*, 77 Cal.App.5th at p. 637.)

*Disposition*

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.


                                                      YEGAN, J.

We concur:


     GILBERT, P. J.


     CODY, J.

Timothy S. Covello
Superior Court County of San Luis Obispo

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.